UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**DEBRA SHOTLANDER and ROBERT SHOTLANDER**               **PLAINTIFFS**


**V.**                              **CIVIL ACTION NO.1:06CV931 LTS-RHW**


**ALLSTATE INSURANCE COMPANY**                     **DEFENDANT**


## MEMORANDUM OPINION

The Court has before it Plaintiffs Debra and Robert Shotlander's motion [4] to remand. The Court also has before it Defendant Allstate Insurance Company's (Allstate) motion [10] to sever its counterclaim in the event the plaintiffs' motion to dismiss is granted. For the reasons set out below, the motion to remand will be granted, and the motion to sever will be denied.

Plaintiffs brought this action in the Chancery Court of Jackson County, Mississippi, seeking the disclosure of information concerning their claim for property damage sustained during Hurricane Katrina. Plaintiffs are the named insured under a policy issued by Allstate. Plaintiffs have alleged that Allstate has refused their requests for information concerning the processing of their claim under the Allstate policy. The state court complaint seeks discovery only, and asks for no other affirmative relief.

Allstate has removed this action on grounds of diversity of citizenship under 28 U.S.C. §1332. Plaintiff has moved to remand the case on the grounds that their complaint for discovery is not a removable "civil action."

The party seeking removal has the burden of establishing proper subject matter jurisdiction in the federal district court. *Nelon v. Mitchell Energy Corp.*, 941 F.Supp 73 (N.D.Tex.1996). The determination of federal jurisdiction must be made from the face of the complaint.

Mississippi procedural law allows the relief the plaintiff is seeking and authorizes the procedure plaintiff is attempting to follow. See *Moore v. Bell Chevrolet-Pontiac-Buick-GMC, LLC*, 864 So.2d 939 (Miss.2004). I am of the opinion that this action, in its present posture, does not constitute a removable "civil action." *Mayfield-George v. Texas Rehabilitation Com'n*, 197 F.R.D. 280 (N.D.Tex.2000); *In re Hinote*, 179 F.R.D. 335 (S.D.Ala.1998). Plaintiff is seeking only the discovery of information unavailable from any source other than Defendant Allstate.

    In my opinion, this Court does not have subject matter jurisdiction over this action seeking only the disclosure of information pursuant to Mississippi's procedural law.  Accordingly, I will grant the motion [4] to remand, and I will deny the defendant's motion [10] to sever.  This ruling is made without prejudice to Allstate's right to seek removal if this action later becomes a removable case or controversy through amendments to the complaint.

    An appropriate order will be entered.

    **DECIDED** this 21st day of May, 2007.

                                                s/ <u>L. T. Senter, Jr.</u>  
                                                L. T. SENTER, JR.  
                                                SENIOR JUDGE